**H.F. CARTER, INC., a corporation, Plaintiff,**

v.

**LOCAL UNION NO. 5, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Defendant.**

**Civ. A. No. 83–916.**

United States District Court, W.D. Pennsylvania.

April 21, 1983.

Stanford A. Segal, Pittsburgh, Pa., for plaintiff.

Anthony J. Polito, Pittsburgh, Pa., for defendant.

## PRELIMINARY INJUNCTION

WEBER, District Judge.

AND NOW, to wit, this 21st day of April, 1983, this cause having been heard on the motion of plaintiff for a temporary restraining order, on the verified Complaint and from evidence offered in support thereof, and it appearing to the Court therefrom:

1. That there was a collective bargaining agreement in effect between plaintiff and defendant which by its terms was to continue until January 2, 1984;

2. During the term of the collective bargaining agreement in the months of January, February, March and April, 1980, plaintiff became delinquent in payments to defendant's various fringe benefit funds. These delinquencies were remedied and no further delinquencies were experienced by defendant's funds since that time;

3. Subsequently in 1980 and 1981, plaintiff secured defendant union members to work on another subcontract for which payments were promptly made to and accepted by defendant's fringe benefit funds.

4. Plaintiff has worked both as an independent contractor and as participant in joint ventures in 1981 and 1982 which employed members of defendant union.

5. That on September 18, 1982, plaintiff received notice of termination of its collective bargaining agreement with defendant. This termination was determined upon by the defendant Union at that time because of the 1980 reported delinquencies;

6. That subsequent to the time of the delinquencies the defendant Union had accepted benefits under the collective bargaining agreement by the acceptance of payments to its fringe benefits funds, and by the placement of its members for work on plaintiff's contract, thus waiving any right to terminate for such delinquencies;

7. Defendant's termination of the collective bargaining agreement on September 13, 1982, and defendant's continued refusal to rescind that termination and abide thereby was not made within a reasonable time after the cause had accrued and was made after defendant, by its subsequent conduct, waived the condition for termination;

8. That as a result of defendant's breach of the aforesaid agreement, plaintiff is unable to satisfy its current contractual agreements to provide electrical subcontracting work which has resulted or will result in a cancellation of two (2) electrical subcontracts if defendant does not abide by the

terms of its collective bargaining agreement and relationship with plaintiff;

9. That defendant's continued refusal to rescind its termination of the aforesaid agreement and to abide by the terms of its collective bargaining agreement and relationship with plaintiff seriously impairs plaintiff's ability to engage in other electrical subcontracting work in Western Pennsylvania and seriously impairs plaintiff's ability to continue in business as an electrical subcontractor;

10. That there is danger of immediate and irreparable injury, loss and damage to plaintiff and that plaintiff has no adequate remedy at law for defendant's refusal to revoke its wrongful termination of the aforesaid collective bargaining agreement and that greater injury will be inflicted upon the plaintiff by the denial of a temporary restraining order than upon the defendant by the granting of such relief;

11. That defendant will not suffer significant damage from the grant of the injunction, while plaintiff will suffer irreparable damage from its denial.

IT IS ORDERED, that defendant, Local Union No. 5, International Brotherhood of Electrical Workers, its officers, business representatives and members, and all persons acting in concert with them or on their behalf are hereby restrained from:

    a. engaging or continuing to engage in a refusal to vacate or rescind the termination of its collective bargaining agreement and relationship with plaintiff; and

    b. engaging or continuing to engage in a refusal to honor its collective bargaining agreement and relationship with plaintiff

on condition that a bond be filed by plaintiff herein in the sum of One Thousand ($1,000.00) Dollars for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained, said bond to be approved by this Court or by the Clerk of this Court; and

IT IS FURTHER ORDERED that plaintiff post a bond in favor of defendant Union and its Funds in the amount of $25,000 to guarantee payments of employee wages and welfare fund payments in the form proffered by plaintiff as Exhibit G at trial;

IT IS FURTHER ORDERED that defendant's officers, business manager and representatives are directed to take all action which may be necessary to assure compliance with its contractual obligations under its collective bargaining agreement and relationship with plaintiff.

THIS ORDER shall remain in effect until final disposition of this action or further order of this court.